# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| United States of America, | Case No. 2:20-mj-00231-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Che Summerfield, | |
| Defendant. | |

Before this Court is the government's request to continue the preliminary hearing currently scheduled for tomorrow, April 21, 2020, at 4:00 PM. ECF No. 16. The Defendant, Mr. Summerfield, opposes the request, or, to the extent the request is granted, asks for immediate release based on the dangers of COVID-19. For the reasons set forth below, the government's motion is granted in part and denied in part. The preliminary hearing will go forward as scheduled.

**I.     Background.**

As explained by the government, the Court has issued a series of Temporary General Orders underlining the need for social distancing and explaining how such need would result in the postponement of many in-person hearings, including jury trials. The Court has also limited the entry of guilty pleas and sentencings in felony cases by way of videoconferencing only to those cases where a postponement would result in serious harm to the interests of justice. The Court has not made any determinations regarding whether, or in what manner, to hold preliminary hearings.

**II.    Discussion.**

The CARES Act provides for hearings, including preliminary hearings, by videoconference with the defendant's consent. *See* CARES Act, H.R. 748, Publ. L.No. 116-136. Here, the defendant consents to the use of videoconference for purposes of the preliminary hearing.

A preliminary hearing is designed so that a court can find whether there is probable cause for a case to move forward. FED. R. CRIM. P. 5.1(e). If no probable cause is found, the court is to dismiss the complaint and discharge the defendant. FED. R. CRIM. P. 5.1(f).

Mr. Summerfield is incarcerated and does not agree to continuing the date of the preliminary hearing. Therefore, to delay the preliminary hearing, this Court must find that extraordinary circumstances exist and that justice requires the delay. FED. R. CRIM. P. 5.1(d). While there are extraordinary circumstances justifying not having this hearing in-person, this Court is hard pressed to find that, at least in this specific case, extraordinary circumstances exist that merit a delay of the preliminary hearing.

This specific Court has held preliminary hearings on revocations of supervised release involving more than 8 allegations by way of *telephone*, because videoconferencing was not reasonably available. While not ideal by any means, it was not exceptionally difficult to undertake. The complaint here charges Mr. Summerfield with a single count of being a felon in possession of a firearm, which should require, at the most, the testimony of two witnesses. Due to the lack of specificity in the government's motion, it is not clear what would prevent these witnesses from gathering the information they need to review prior to the hearing. To the extent they do not already have access to this information, the government can email it to them. All witnesses can talk to the government over the phone in preparation for this hearing—there is no need for in-person meetings. Lastly, the government does not set forth reasons for why these witnesses cannot access the necessary technology, or at least a phone.

The Court announced on March 30, 2020, that the use of videoconferencing would be available for certain proceedings with the consent of the defendant. Temporary General Order 2020-05. The preliminary hearing at issue has been scheduled since April 7, 2020. ECF No. 4. Conversations between the government and counsel for Mr. Summerfield did not seem to take place until April 17, 2020. The government was aware that it would not receive a response as to whether Mr. Summerfield would agree to continue the preliminary hearing until April 20, 2020. As a result, on April 17, 2020, the government should have recognized the possibility of Mr. Summerfield not agreeing to the continuance and should have started making arrangements to

proceed with the preliminary hearing as scheduled. In any event, given the alternative means available to undertake these proceedings, the fact that the complaint is a one-count complaint for a charge the government is very familiar with prosecuting, and the fact that Mr. Summerfield is detained in less-than-ideal circumstances, there are no extraordinary circumstances to continue the preliminary hearing in this case, and justice does not require a delay—quite the contrary.

The preliminary hearing will take place April 21, 2020 at 4:00 PM. Based on this, the Court does not entertain Mr. Summerfield's alternative request for release. However, this court agrees with the government that 18 U.S.C. § 3161(b)'s 30-day extension applies and the period to return an indictment shall be extended an additional 30 days.

Turning to the deadlines for trial, § 3161(c) provides that the defendant must be tried within 70 days—not 90 days, as the government contends—from the filing of the indictment, or from the defendant's initial appearance before the court where charges are pending, "whichever date last occurs." Here, the defendant has already made his initial appearance, but an indictment has not yet been filed. As a result, trial must commence within 70 days of the filing of the indictment. Because there has not been an indictment filed in this case, no trial date has been issued. As a result, there is no trial date to be continued and this Court will therefore not issue an order excluding time from the 70-day trial clock.

### III. Conclusion.

IT IS THEREFORE ORDERED that the government's motion (ECF No. 16) is granted in part and denied in part.

IT IS FURTHER ORDERED that the preliminary hearing scheduled to take place on April 21, 2020, at 4:00 PM will move forward as scheduled.

IT IS FURTHER ORDERED that the Speedy Trial Act's indictment clock is extended 60 days.

DATED: April 20, 2020.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE